IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY HARVEY, #42553-044, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>E. WILLIAMS, <br>ASSOC. WARDEN CHEEKS, <br>ASSOC. WARDEN SANTIAGO, <br>CAPT. GORE, and <br>LT. PHILLIPS, <br><br>　　　　　　Defendants. | Case No. 22-cv-00148-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

   Plaintiff Jerry Harvey, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at Federal Correctional Institution – Greenville ("FCI Greenville"), commenced this action by filing a demand letter to FCI Greenville staff directing them to rebut allegations in his affidavit regarding COVID-19 procedures. (Doc. 1). The Court struck the document, as it was an inadequate complaint. Plaintiff was granted leave to file a valid signed complaint. (Doc. 4). Plaintiff timely filed a complaint, but the Complaint was dismissed for failure to state a claim against any of the named Defendants. (Doc. 19). The Court gave Plaintiff an opportunity to replead his claims. Plaintiff then filed a First Amended Complaint that is now before the Court for preliminary review pursuant to 28 U.S.C. §1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. §1915A(b).

**FIRST AMENDED COMPLAINT**

Plaintiff alleges that during COVID-19 lockdowns at FCI Greenville, the directives of the Center for Disease Control and the World Health Organization were not implemented by administrative officials. (Doc. 22, p. 12). Inmates were ordered to be locked in their cells without any concern for their mental or physical health. (*Id.*). The administrative officials spent most of their time in the front office far away from the inmates. (*Id.* at p. 8-10). They seldom, if ever, visited the area of the facility where inmates are housed and failed to ensure that proper COVID-19 safety protocols were followed. (*Id.*). Plaintiff asserts that the inaction of Defendants Williams, Cheeks, Santiago, Gore, and Phillips all contributed to the spread of the virus.

Specifically, Warden Williams failed to ensure that the mandates of the Center for Disease Control and the World Health Organization were followed. (Doc. 22, p. 8). Williams allowed staff to spread the virus from unit to unit without any supervision, as he was hardly present. (*Id.*).

Likewise, Associate Warden Cheeks did not supervise the staff members and allowed transfers from other prisons, which contributed to the virus spreading at FCI Greenville. (Doc. 22, p. 9). Cheeks did not make rounds to inquire about the health of the inmates and the issues associated with COVID-19. (*Id.*).

Plaintiff claims that Associate Warden Santiago was assigned to govern "programs, which included medical." (Doc. 22, p. 9). Santiago's negligence resulted in medical staff not changing gloves after contact with each inmate. (*Id.*). Santiago also did not separate and quarantine infected inmates. Rather, she kept sick inmates in their normal housing units and had a red card placed on their cell doors, which did not stop the spread of the virus. (*Id.* at p. 10).

Captain Gore is responsible for security at FCI Greenville and allowed transfers and new inmates to enter the facility, "intensifying the spread." (Doc. 22, p. 10).

Plaintiff states that Lieutenant Phillips failed to perform his duties by placing an inmate

with COVID-19 in the "tank" with ten other inmates.[1] (Doc. 22, p. 11).

## DISCUSSION

Plaintiff brings his claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). The FTCA provides jurisdiction for suits against the United States arising from torts committed by federal officers. 28 U.S.C. § 1346(b)(1). The United States is the only proper defendant in an FTCA action. *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Plaintiff does not list the United States as a defendant. Having failed to do so, he cannot proceed under the FTCA. Accordingly, the FTCA claims, and the entire First Amended Complaint shall be dismissed without prejudice.

The Court will allow Plaintiff one more opportunity to amend his complaint. If the Court does not receive an amended complaint by the deadline set, the case will be dismissed for failure to state a claim and Plaintiff will incur a strike under 28 U.S.C. § 1915(g). If after reading this Order Plaintiff decides he does not want to proceed with the lawsuit, he may notify the Court (before the deadline to amend) that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

## DISPOSITION

For the reasons stated above, the First Amended Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **October 30, 2023**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with

---

[1] Inmates were placed in the "tank" for refusing to return to their cells. (Doc. 22, p. 11).

prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **October 30, 2023,** Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 22-cv-00148-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 2, 2023**

                                                      *s/Stephen P. McGlynn*
                                                      **STEPHEN P. MCGLYNN**
                                                      **United States District Judge**